# United States Court of Appeals for the Fifth Circuit

No. 24-10010
consolidated with
No. 24-10011

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Luis Morales-Huerta,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 3:22-CR-481-1, 3:23-CR-63-1

Before Jones, Dennis, and Southwick, *Circuit Judges*.
Per Curiam:[*]

Jose Luis Morales-Huerta appeals his sentence of 30 months of imprisonment and three years of supervised release imposed following his guilty plea conviction for illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that § 1326(b) is unconstitutional because it permits a sentence above the statutory maximum of § 1326(a) based on facts

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10010
c/w No. 24-10011

that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.

As Morales-Huerta correctly concedes, this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). We have held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Morales-Huerta raises the issue to preserve it for possible Supreme Court review. The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file a merits brief. Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary affirmance is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Morales-Huerta has not briefed, and therefore has abandoned, any challenge to his conviction and sentence for failure to register as a sex offender. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The Government's motion for summary affirmance is GRANTED, and the district court's judgments are AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.